## STEERS *v.* KINSEY.

### Opinion delivered October 20, 1900.

1. DEED—ACKNOWLEDGMENT.—A notary's certificate attached to a deed purporting to be executed by a corporation, which recites that the president of the corporation appeared before the notary and stated under oath that the seal of the corporation had been affixed to the deed by virtue of a resolution of the board of directors, and that he and the secretary had each signed the deed by virtue of such resolution, shows an acknowledgment, though a defective one. (Page 366.)

2. CURATIVE ACT — CONSTRUCTION.—Act of March 11, 1891, curing defective acknowledgments, contains a proviso "that this act shall not apply to any conveyance or other instrument of writing when the same is brought in question in any suit now pending in any court in this

state." *Held,* that a defect in the acknowledgment of a realty mortgage was not brought in question by an attachment suit against the mortgagor pending at the time of passage of the act, as the property was subject to attachment for the mortgagor's debt, whether the acknowledgment of the mortgage was good or bad. (Page 367.)

3. SAME—VESTED ESTATE.—By procuring the levy of an attachment on mortgaged land a creditor of the mortgagor acquires no such vested estate in the land as would debar the operation of an act curing a defect in the acknowledgment of the mortgage. (Page 368.)

Appeal from Desha Chancery Court.

JAS. F. ROBINSON, Chancellor.

STATEMENT BY THE COURT.

This action was brought against the Arkansas City Improvement Company by S. F. Steers, a liquidator, under the law of Louisiana, of the firm of S. B. Steers & Co., of New Orleans, to quiet the title of said firm to certain land in Desha county of this state. The defendant, Arkansas City Improvement Company, filed an answer, and claimed title to the land. The land was also claimed by Oliver Kinsey, who appeared and filed an answer and cross-complaint. These lands at one time belonged to the Kentucky & Arkansas Land & Industrial Company, a corporation organized under the laws of Kentucky. This company mortgaged the land to the Farmers' Loan & Trust Company of New York. The mortgage was executed and recorded in October, 1889. The attestation clause of the deed, with signatures attached, was as follows: "In witness whereof the president and secretary of the party of the first part have, by virtue of a resolution of the stockholders and board of directors of the said party of the first part, hereunto signed their names, and caused the corporate seal of said party of the first part to be hereunto affixed; and the party of the second part, in evidence of its acceptance of the trust hereby created, has caused its corporate seal to be affixed to these presents, and the same to be attested by the signatures of its president and secretary the day and year first above written. The Kentucky & Arkansas Land & Industrial Co. W. R. Bergholz, President. Attest: Leo Bergholz, Secretary. [L. S.] The Farmers' Loan & Trust Company. R. G. Rolston, President. Attest: Luepp, Secretary. [L. S.]"

The deed had attached to it the following certificate:

"State of New York, City and County of New York. On this 24th day of October, in the year of our Lord one thousand eight hundred and eighty-nine, before me, the undersigned, a notary public for the state of New York, and for the city and county of New York, duly commissioned and acting, personally came William R. Bergholz, to me well known, who, being duly sworn, did depose and say that he resides at New Rochelle, New York, and is the president of the Kentucky & Arkansas Land & Industrial Company, and knows the corporate seal of said company; that the seal affixed to the foregoing instrument is such corporate seal, and was thereto affixed by virtue of a resolution of the board of directors of said company, and that he signed his name thereto likewise by virtue of the same resolution, as president of said company. And the said William R. Bergholz did further say that he also knows Leo Bergholz, the secretary of the said company; that the signature of the said Leo Bergholz subscribed to the said instrument is the genuine handwriting of the said Leo Bergholz, and was so affixed by virtue of the same resolution of said board of directors. Julius M. Ferguson, Notary Public, New York County. [L. S.]"

There is also a further certificate that the president of the Farmers' Loan & Trust Company appeared and acknowledged the execution of the mortgage.

Default having been made in the payment of the mortgage debt, the trust company, in September, 1891, sold the land, under the power contained in the mortgage, to Leo Bergholz for $51,233.33, and the Arkansas City Improvement Company claims title under him. On the 10th day of December, 1890, after the execution and recording of above mortgage, Steers & Co. commenced suit in the United States court at Little Rock against the Kentucky & Arkansas Land & Industrial Company to recover a debt due them for the company, and had an attachment levied upon the lands mortgaged as above stated. On March 29, 1892, Steers & Co. recovered judgment in said action against the land and industrial company for $18,096.30, and the attachment was sustained. Under this judgment the lands were sold on the 14th day of May, 1892, and purchased

by Steers & Co., who now claim the lands under such purchase. The Kentucky & Arkansas Land & Industrial Company was also indebted to Post & Company, and they, on the 18th of December, 1891, commenced suit against the land and industrial company in the Desha circuit court, and had an attachment levied on the lands of the company, including those mortgaged and attached as above stated. On the 29th day of July, 1891, Post & Company recovered judgment in said action for $6,656.66. The attachment was sustained, and on the 26th of March, 1892, the property was sold and purchased by Post & Company. The appellee, Oliver Kinsey, claims under this sale and purchase.

On the hearing of this action brought by Steers to quiet title, the chancellor found against Steers & Co., on the ground that the United States court had no jurisdiction to render the judgment upon which their title was based, but ordered that they have a lien for money paid out in redeeming and paying taxes on land. The chancellor found in favor of Oliver Kinsey, and declared that his title to the lands was superior to that of the Arkansas City Improvement Company by reason of the fact that the mortgage from the Kentucky & Arkansas Land & Industrial Company to the Farmers' Loan & Trust Company, under which mortgage the Arkansas City Improvement Company claimed, was not acknowledged as required by law. From this decree Steers and the Arkansas Improvement Company appealed.

*J. W. Dickinson* and *Rose, Hemingway & Rose*, for appellent Steers.

The Kentucky corporation, having an agent for purpose of service of process in this state, had such a residence here as authorized suit against it in the federal courts in this state. 43 Ark. 547. Those courts have power to pass upon the question of their own jurisdiction, and their judgments are not open to collateral attack. 11 Ark. 519; 21 Ark. 364; 12 Ark. 218; 49 Ark. 398; 50 Ark. 339; 5 Cranch, 185; 10 Wheat. 379; 3 Pet. 193; 10 Pet. 449, 473; 123 U. S. 559; 152 U. S. 337; 158 U. S. 423; 8 Wheat. 700; 12 Pet. 330; 96 U. S. 378; 145 U. S. 603; 146 U. S. 206; 151 *id.* 109. 160 U. S. 219; 51 Fed. 667; 56 Fed. 105; 62 Fed. 111; 8 C. C. A. 241; S. C.

59 Fed. 742; 8 C. C. A. 635; S. C. 60 Fed. 316; 7 C. C. A. 354; S. C. 58 Fed. 536.   The attachment being a proceeding *in rem*, the court acquired jurisdiction of the *res* by the levy. 10 Wall. 309; 34 Ark. 391.   To present any ground for equitable relief against a judgment, the attaching party must show that he has a meritorious case or defense.   50 Ark. 458; 51 Ark. 341; 52 Ark. 80; 54 Ark. 3; 56 Ark. 546; 57 Ark. 354; 57 Ark. 602; 61 Ark. 347; 35 Ark. 123.   The act of February 27, 1893, did not cure the acknowledgment to the mortgage from the attachment defendant, because:   (1)  The act applies only to acknowledgments, and there is no acknowledgment to this mortgage, for the reason that there has been no compliance with the statute prescribing the form of acknowledgments. 35 Ark. 62; 37 *id*. 91; 42 *id*. 141.   (2)  At the time of the passage of the act, Steers & Co. had acquired vested rights under the marshal's sale, and the act could not impair these. 43 Ark. 156; 60 Ark. 269; 64 Ark. 492, 494; 163 U. S. 118; 60 Ark. 269; 52 Kas. 424; Cooley, Const. Lim. 495.   Appellant's lien was fixed, and was a vested right.   138 Mass. 244; 87 Ala. 582; 58 N. H. 198; 8 Conn. 549.   (3)  The statute has no application to pending suits.

*F. M. Rogers* and *John McClure*, for appellant, the Arkansas City Improvement Company.

The judgment and the sale thereunder, rendered in the circuit court for the eastern district of Arkansas, are void, because the defendant was not sued in the district of its residence.   Act Congress March 3, 1887, as corrected by act August 13, 1888; 145 U. S. 444, 453; 141 U. S. 127; 146 U. S. 203; 151 U. S. 497.  Said judgment was subject to collateral attack. VanVleet, Coll. Att. 14; 1 Black, Judg. 194; 144 U. S. 640; 61 Ark. 470.   The deed executed to Post & Co. by the sheriff is void, and cannot be received as proof of their title, for the reason that it was executed before the year allowed for redemption had expired.   27 Cal. 247; 52 Ark. 296.   The deed of Cox, as receiver, could not convey title to the Arkansas lands.   7 C. E. Gr. (N. J. Eq.) 117; 50 N. J. L. 641; 82 Va. 901.   The circuit court for the district of Kentucky had no jurisdiction of Post & Co., and no power to appoint a receiver.   Gluck & Becker, Rec. 32; 17

How. 338. ·The deed of assignment from Post & Co. to Cox cannot be used as evidence of title because: (1) The acknowledgment is defective in that it used the words "*uses* and purposes," instead of "*consideration* and purposes." 35 Ark. 67; 20 Ark. 190; 32 Ark. 450. (2) The deed has never been recorded in Desha county, where the land is situated, and hence the defect is not cured by any of the curative acts. 38 Ark. 190. The curative act of March 11, 1891, operated to cure defects in the deed from the day it was recorded. 50 Ark. 299; *Cf.* 62 Ark. 82; 51 Ark. 242; 56 Pa. St. 61. No rights were *vested* at the time of the passage of the curative act. The commencement of a suit for the enforcement of a right predicated upon a statute does not create a vested right. 2 Freeman, Ex. § 315; 15 N. Y. 9; 87 Ill. 140; 43 Ark. 424; 44 Ark. 365; 45 Ark. 41; 42 Ark. 147; 58 Ark. 123; Cooley, Const. Lim. 469; 6 Conn. 58; 50 Ark. 299; 64 Ark. 494. If the act validates the conveyance from the date of recording, the rights acquired at the execution sale were inferior to the conveyance so validated. 43 Ark. 422. The laws governing executions and rights thereunder are within the control of the legislature, and no one has a vested right to any particular mode of procedure therein. 50 Ark. 299; 58 Ark. 269; 21 Mich. 390; 1 Hill, 335; 4 Minn. 547; 43 Ark. 425; 12 Ia. 393; 17 Ia. 552. The title of the Farmers' Loan & Trust Company is superior to that of Steers or Kinsey, if the curative act of 1891 had never been passed. 33 Ark. 329; 30 Ark. 112; 16 Ark. 543; 30 Ark. 112.

*W. S. & F. L. McCain* and *Wells & Williamson*, for appellee.

A conveyance of land is good without either acknowledgment or record, where the execution is proved or admitted. Our special statute in regard to filing mortgages has no application to such a deed. 41 Ark. 421; 47 Ark. 235; 44 Ark. 517. The judgment of the federal court, being rendered without any jurisdiction, is void. 1 Blatchf. 480; Black, Judg. 278; 5 Ark. 424.

RIDDICK, J., (after stating the facts.) This is a controversy concerning the title to certain lots and tracts of land formerly

owned by the Kentucky & Arkansas Land & Industrial Company. The company mortgaged the lands, and, failing to pay its debt thus secured, the lands were sold under the power contained in the mortgage, and purchased by one Bergholz. He in turn sold to the Arkansas City Improvement Company, one of the parties to this action. It is admitted that this mortgage, upon which the claim of the Arkansas City Improvement Company to these lands is based, was executed and recorded before the commencement of either of the attachment suits upon which, and the judgments and orders rendered therein, the other claimants rest their several claims to the ownership of the land. If the lien given by this mortgage upon the land was superior to that acquired by the attachment suits, then the title of the party holding under the mortgage sale is superior to that acquired by those purchasing under sales had in the attachment proceedings.

It is not claimed that there was any defect in the execution of the mortgage itself, but it is asserted that it was never acknowledged as required by statute, and that for this reason, under our law, it was not a lien upon the land as against the attaching creditors. Counsel for Steers contend that the certificate of the notary public attached to the mortgage shows that there was in fact no acknowledgment to the mortgage, but only an affidavit, and that for this reason the statute curing defective acknowledgments does not apply. Now, the acknowledgment of a deed is a declaration or admission made by the party executing the deed to a public officer having authority to take such acknowledgments that it is his deed and executed by him. Bouvier's Law Dict. (Rawle's Ed.) Our statute prescribes a particular form, with which a substantial compliance is necessary. The certificate of the notary attached to the mortgage shows that the statute was not followed, but still we think that this certificate shows an acknowledgment, though a defective one. A corporation acts by its agents, and the deed in this case was executed by the president of the corporation, and attested by the secretary. The certificate of the notary public shows that the president appeared before him, and stated under oath that the seal of the corporation had been affixed to the

deed by virtue of a resolution of the board of directors, and that he and the secretary had each signed the deed by virtue of such resolution. This was in effect an acknowledgment that he had executed the deed, and the fact that this declaration or admission was made under oath cannot change its nature. *Chouteau* v. *Allen*, 70 Mo. 290.

While the acknowledgment was defective, it was cured by the act of March 11, 1891, curing defective acknowledgments. The statute in question provides that it shall not apply "to any conveyance or other instrument in writing when the same is brought in question in any suit now pending in any court in this state." The attachment suits brought by Steers & Co. and by Kinsey were pending at that time, but we are unable to agree with the contention that these suits brought in question the mortgage under which the Arkansas City Improvement Company claims the land; for, whether the mortgage was good or bad, the lands were subject to attachment. The fact that one mortgages his land to secure the claim of a creditor does not prevent his other creditors from levying an attachment upon the land, though, if the mortgage be valid, and has been properly recorded prior to the attachment suits, the attachment lien will be subject to the mortgage. In such an action the mortgagee is not required to be made a party. The recovery of judgment and sale of the land in the attachment suit does not affect his rights, the validity of his mortgage not being questioned by such action. The lien or title acquired by the attaching creditor may furnish a basis for another suit or proceeding by which the validity of the mortgage may be questioned, but the action of attachment itself does not question it, for the right to maintain such action does not depend upon the invalidity of the mortgage. After the land had been sold in the attachment proceeding, the purchasers thereof, or those holding under them, brought this action, which does question the validity of the mortgage given by the Kentucky & Arkansas Land & Industrial Company; but these actions were commenced after the passage of the statute referred to above. And if the statute made the mortgage valid as to the attaching creditors, the rights of those holding under the mortgage could

not be affected by the present suit. The statute cured defects in the acknowledgment to the mortgage, and gave it, except as to persons having acquired vested rights in the land before the passage of the acts, the same force and effect it would have had, had it been properly acknowledged in the first instance.

.The only question that remains, then, is whether the parties who brought the attachment suits acquired vested rights in the land by the bringing of the suits and the levy upon the lands. Now, a vested right "must be something more than a mere expectation based upon the anticipated continuance of existing laws. It must have become a title, legal or equitable, to the present or future enjoyment of property," in some way or another. Black, Const. Law, 430; Sutherland, Stat. Const. § 164. But parties have no vested rights in remedies or matters of procedure, and we see nothing in these attachment proceedings that constituted a vested right on the part of the plaintiffs therein to the property attached. The attachments were levied upon the land after the mortgage under which the Arkansas City Improvement Company holds had been executed and recorded, and we think that it was within the power of the legislature to give to such mortgage the effect intended by the parties thereto, by curing the formal defect in the acknowledgment. *Rosenthal* v. *Wehe,* 58 Wis. 621; 6 Am. & Eng. Enc. Law (2d Ed.) 947; *Stephenson* v. *Doe,* 8 Blackford, 508, S. C. 46 Am. Dec. 489; *Butler* v. *Palmer,* 1 Hill (N. Y.) 324.

We are therefore of the opinion that the mortgage under which the improvement company claims the land was, after the passage of the act of 1891, superior to the liens acquired by the attachments. The attachments were subject to the mortgage, and the title acquired by the improvement company under the mortgage sale to the lands conveyed by the mortgage is superior to that acquired by those who purchased these same lands at the sale ordered to satisfy the judgments obtained in the attachment suits.

It is stated in the argument of counsel for Kinsey that certain of the lands attached and purchased by Post & Co., and which are now claimed by Kinsey, were not included in the mortgage above referred to. As to such lands, and as to the

lien declared in favor of Steers & Company for sums expended in paying taxes upon the lands and redeeming them from tax sales, the judgment of the chancellor is affirmed, but as to the title of the lands described in the mortgage, the decree is reversed, and the cause remanded, with an order to enter a decree in favor of the Arkansas City Improvement Company, as suggested in this opinion.