Argued October 21, affirmed November 22, 1921.

## COSHUN *v.* HURLBURT ET AL.

(201 Pac. 870.)

**Constitutional Law — Taxation — Holder of Tax Certificate had No Vested Right to Fifteen Per Cent Interest on Taxes Subsequently Paid.**

1. Although holder of delinquent tax certificate issued in 1915 had a vested right to receive 15 per cent interest upon the amount specified in the certificate by reason of Section 3693, L. O. L., and subsequent sections, as amended by Laws of 1913, page 338, he had no vested right to receive 15 per cent interest on taxes paid by him in subsequent years; there being no obligation on his part to pay them.

**Constitutional Law — No Vested Right in Interest on Delinquent Taxes.**

2. A so-called rate of interest on delinquent taxes of 15 per cent per annum is in fact a penalty, in which there can be no vested right.

**Taxation—Holder of Tax Certificate not Entitled to Fifteen Per Cent Interest on Subsequently Paid Taxes.**

3. Laws of 1917, page 434, Section 7, amending Section 3693, L. O. L., as amended by Laws of 1913, page 338, and reducing from 15 per cent to 12 per cent interest to be paid on delinquent taxes, does not exclude from its operation subsequent taxes paid by the holder of a delinquent tax certificate issued prior to its passage.

From Multnomah: JOHN McCOURT, Judge.

In Banc.

This is an action for damages against T. M. Hurlburt, sheriff of Multnomah County, and the surety on his official bond, and arises out of the following facts: The plaintiff is the purchaser and holder of a delinquent tax certificate issued to him by the sheriff of Multnomah County on April 6, 1917, based upon taxes for the year 1915, together with interest and penalties assessed and levied against certain real property belonging to Eugenie V. Richet. By the

1. On implied right to interest on taxes or assessments, see note in 16 Ann. Cas. 471; 6 L. R. A. (N. S.) 694.

terms of the delinquency certificate the same bore interest at the rate of 15 per cent per annum from date of issuance. Subsequently the plaintiff paid the taxes for the years 1916 and 1917, which were assessed and levied against the property described in the certificate. Thereafter, on December 10, 1918, I. N. Fleischner as executor duly made application to redeem said property from the lien of plaintiff by virtue of said certificate and taxes, penalties and interest paid by him as aforesaid; and the sheriff permitted Fleischner to redeem the property in question, upon payment of the amount of the delinquent tax certificate with 15 per cent interest per annum thereon, together with the payment of amounts of the taxes, penalties and interest paid by plaintiff subsequent to the issuance of said delinquent tax certificate, with interest on the several amounts at the rate of 12 per cent per annum from the dates of payment of the several sums. The plaintiff declined to surrender his delinquent tax certificate to the sheriff unless the latter would pay to him 15 per cent instead of 12 per cent upon the several sums of money paid as taxes, interest and penalties in discharge of taxes assessed and levied against the property after the issuance of the delinquent tax certificate held by him, and he brings this action to compel the sheriff to make payment to him upon the basis claimed.

Section 3693, L. O. L., and subsequent sections as amended by an act of the legislative assembly of 1913 (Chapter 184, Laws 1913) provide that delinquent tax certificates shall bear interest at the rate of 15 per cent per annum, unless a different rate of interest is bid by the purchaser. The statute requires that upon redemption of the property on which the certifi-

cate is issued, the person desiring to redeem shall not only pay the amount of the certificate, with 15 per cent interest, but shall also pay all taxes, penalties and interest that the holder of the certificate has paid, with 15 per cent interest per annum from the date of the several payments. The legislative assembly of 1917 amended the statutes mentioned so as to provide interest at the rate of 12 per cent.

The plaintiff contends that the statute of 1917 with a new rate of interest provided therein does not apply to delinquent tax certificates issued prior to the time the amendment went into effect, and that it likewise does not apply to taxes, penalties and interest paid by a holder of such certificates subsequent to the passage of the act of 1917. This claim is based on two grounds: First, that to give the statute effect to change the rate of interest, even on the sums paid as taxes, penalties and interest accruing after the passage of the act, would violate the obligation of the contract evidenced by the delinquent tax certificate held by plaintiff; and, second, that the statute by its own terms excludes such certificates and taxes paid by the holder thereof from its operation. This latter claim is founded upon Section 7 of the act, which reads as follows:

"Nothing contained herein shall affect the rate of interest on or applicable to certificates of tax delinquency issued prior to the taking effect of this act." Laws 1917, Chapter 227, page 434.

The facts were not controverted, and a motion by defendants for judgment on the pleadings was sustained, whereupon the plaintiff appealed.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Chris A. Bell,* with an oral argument by *Mr. W. L. Brewster.*

For respondents there was a brief over the name of *Mr. Walter H. Evans,* District Attorney, with an oral argument by *Mr. William H. Hallam.*

McBRIDE, J.—1. The certificate itself is by analogy at least, in the nature of a contract between the county and the purchaser, hence it is but reasonable to hold that such contract cannot be impaired by subsequent legislation so as to deprive the plaintiff of 15 per cent upon the amount specified in the certificate. As to other taxes paid by him, such payments were purely voluntary and were not necessary to maintain the integrity of the certificate issued to him. To constitute a vested right in plaintiff to receive 15 per cent on the amount paid on future taxes, there must have been a corresponding obligation on his part to pay them, which is not the case here. "A vested right must be something more than a mere expectation based upon the anticipated continuance of existing laws; it must have become a title legal or equitable to the present or future enjoyment of property": Black, Const. Law, 430; Sutherland, Stat. Const., § 164; *Steers* v. *Kinsey,* 68 Ark. 360 (58 S. W. 1050); *Brooklyn Union Gas Co.* v. *City of New York,* 115 App. Div. 69 (100 N. Y. Supp. 570).

2. The so-called interest rate on delinquent taxes is in fact a penalty: *Colby* v. *Medford,* 85 Or. 485, 527, 528 (167 Pac. 487). There can be no vested right in a penalty: *Anderson* v. *Byrnes,* 122 Cal. 272 (54 Pac. 821); *Parmelee* v. *Lawrence,* 48 Ill. 331; *Bay City R. R. Co.* v. *Austin,* 21 Mich. 390.

3. It is further urged by the plaintiff that Section 7 of the act of 1917 (Chapter 227, Laws 1917), quoted above, excludes from its operation taxes paid by the holder of a delinquent tax certificate. We are unable to see that the rate of interest on taxes paid after the certificate has issued is "applicable" to such certificate. Had the legislative intent been to continue the rate of 15 per cent with reference to such taxes, it would have been easy to have said so in unambiguous language. The legislature evidently considered the exaction of 15 per cent harsh and oppressive; and as it had the authority, as we have shown, to remedy this injustice, it is reasonable to suppose, in the absence of express language or necessary implication to the contrary, that it intended to proceed to the full extent of such authority.

As a rule there are only two classes of people who allow their taxes to become delinquent: those who are ignorant that the taxes are due, and those who are pecuniarily unable to pay. And while some penalty is absolutely necessary to prevent undue delay in payment, we should not give a forced construction to the statute in order to increase the burden upon those who are least able to bear it. A penalty of 12 per cent, double the legal rate of interest, is sufficiently burdensome to induce all who are able to do so to pay promptly, and such considerations we think were in the contemplation of the legislature when the act of 1917 was passed.

The judgment of the Circuit Court is affirmed.

Mr. Justice McCOURT took no part in the hearing or decision of this case.     AFFIRMED.