## McILVENE *v.* WARREN.

### Opinion delivered December 5, 1921.

ANIMALS—STOCK LAWS—CONSTRUCTION.—Under special act No. 510 of 1919, relating to a stock law for Columbia County, which provides by § 8 that it shall not be in force until adopted by a

majority vote of the electors, and by § 10 that it shall not be construed to repeal special act No. 156 of 1915, until it has been adopted and put into full force and effect in Columbia County, *held,* that where the vote of the electors was adverse to adopting the act of 1919, the act of 1915 remained in force, and a stock district created under the act of 1915 was not affected by the later act.

Appeal from Columbia Chancery Court; *J. M. Barker,* Chancellor; affirmed.

*Joiner & Harris* and *Henry Stevens,* for appellants.

In cases of doubt as to the meaning of a statute, the condition and circumstances surrounding the enactment of the law may be considered. 76 Ark. 303; 102 Ark. 205; 169 U. S. 649; 108 S. W. 1095; 68 S. W. 588; Black on Interpretation of Laws, 285. The cumulative part of the act is the method of procedure. 35 N. W. 881; 115 Pac. 344; 73 S. W. 951.

*McKay & Smith,* for appellees.

The passage of an act to take effect only when favorably voted on by the people in the locality affected is not a delegation of legislative power. 131 Ark. 291.

McCULLOCH, C. J. Appellants are farmers and owners of livestock in Columbia County, and claim the privilege of permitting their stock to run at large in a certain territory. This territory, it is claimed by appellees, is embraced within a stock-law district created under a special act of the General Assembly of 1915 (Acts of 1915, p. 676), the validity of which was upheld in the case of *Harrington* v. *White,* 131 Ark. 291. Appellants instituted this action in the chancery court to restrain appellees from impounding livestock pursuant to the provisions of the aforementioned statute. The court sustained the demurrer to the complaint and dismissed the complaint for want of equity.

The act of 1915, *supra,* provides for the formation of stock-law districts in units of three or more townships in a county, to be adopted by a majority vote of

the electors, at an election to be ordered by the county court on the petition of 25 per centum of said electors. The General Assembly of 1919 enacted another statute to provide, as stated in the caption, "a stock-law and to regulate the operation of same in Columbia County, Arkansas." This statute, in its first seven sections, provides a complete method of impounding certain live-stock found running at large, and for the punishment of the owners of such stock. The method of putting the law into operation is different from that prescribed in the act of 1915, *supra,* and also different livestock is mentioned.

Sec. 8 of the act of 1919 provides that upon the petition of 35 per centum of the electors of any township or any number of townships in Columbia County, filed with the county court at least sixty days before a general election, the court shall order the submission of the question of adoption to the electors of the county at such general election, and that the words "For Stock Law" and "Against Stock Law" shall be placed on the tickets at that election. Sec. 10 of that statute reads as follows:

"If it is shown by the returns of any election under this act that a majority of those voting for and against said law vote for stock law, four months thereafter this act shall become operative, *provided,* nothing in this act shall be so construed as to repeal any of the provisions of act No. 156 of the Acts of 1915 as it applies to Columbia County, until this act has been voted on and adopted and put into full force and effect in all of Columbia County, and until this is done this act will be considered cumulative."

It appears from the allegations of the complaint in this case that at the general election in the year 1920 there was submitted to the voters of the townships composing the aforementioned district, formed under the act of 1915, *supra,* the question of the adoption of the stock law of 1919, and that in each of said townships

the majority vote was against the adoption. The contention of counsel for appellants, as we understand it, is that the vote upon the question of adoption of the stock law was determinative of operation under either of the statutes, and that either an affirmative or negative vote on that question suspended the operation of the act of 1915 and constituted a dissolution of a district formed under that statute. This contention is, we think, directly contrary to the express language of the statute itself, which provides that the act of 1915 is not repealed "until this act has been voted on and adopted and put into full force and effect in all of Columbia County, and until this is done this act shall be considered cumulative." Whatever else the statute may mean—and we do not deem it necessary to enter any further into a discussion of other provisions of the statute—it is clear that the statute of 1915 is not repealed or suspended until there is a complete adoption of the new statute in the whole of Columbia County, and that districts formed under that statute are not, until then, suspended. The last statute is declared, in express terms, to be merely cumulative and leaves the former statute in force until the provisions of the latter one are adopted in the whole of Columbia County.

It is further contended that there is an irreconcilable repugnance between the proviso in section 10 and the other sections of that statute, and that the proviso should be discarded, leaving the remainder of the act in effect. To do this we would have to disobey the plain letter of the statute itself, which declares in the proviso that the former statute is not repealed but is to remain in full force until there be an adoption of the new statute by the whole county. It will be our duty, when the question of the validity of the new statute arises, to reconcile, if possible, the apparent inconsistencies in the different sections for the purpose of harmonizing them. It is unnecessary to do that in the present case, for we have reached the conclusion that, under the state of facts as set forth in the com-

plaint, the act of 1915 has not been suspended, and that the negative vote on the question of the adoption of the new statute did not operate as a dissolution of the district thus formed.

The decision of the chancellor was therefore correct, and the decree is affirmed.