## HOUCK v. STATE.

Opinion delivered December 15, 1924.

1  STATUTES—IMPLIED REPEALS.—Repeals by implication are not favored.

2.  STATUTES—IMPLIED REPEALS.—To constitute a repeal by implication, two acts must be on the same subject, and plainly repugnant, in which case the later act, even without a repealing clause, operates, to the extent of such repugnancy, as a repeal of the first.

3.  STATUTES—EFFECT OF AMENDING ACT.—Special Acts 1923, No. 173, § 1, amending Special Acts 1919, No. 510, § 10, "so as to read as follows," etc., repeals everything in § 10 not reenacted, and must be construed as if originally enacted in the amended form.

4.  ANIMALS—REPEAL OF STOCK LAW.—Acts 1915, No. 156, providing generally for creation of live stock districts in Columbia County, did not repeal Special Acts of 1923, No. 173, as applied to that county, until the prescribed action is taken by a majority of the electors of any township therein.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Henry Stevens* and *Kitchens & Upton,* for appellant.

*J. S. Utley,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J.  C. N. Houck prosecutes this appeal to reverse a judgment of conviction against him for permitting his stock to run at large, in violation of the statute.

The Legislature of 1915 passed an act for the creation of districts wherein live stock might be prevented from running at large, and the validity of the act was sustained in *Harrington* v. *White,* 131 Ark. 291. The Legislature of 1919 passed an act to provide a stock law and regulate the operation of the same in Columbia County. Special Acts of 1919, p. 648. It was claimed that this act repealed the act of 1915 referred to above, and in *McIlvene* v. *Warren,* 150 Ark. 627, it was held that the statute of 1915 was not repealed or suspended until there was a complete adoption of the statute of 1919 in

the whole of Columbia County. In other words, it was held that, until the new act had been voted on and adopted, it was to be considered as an accumulative act.

The Legislature of 1923 passed an act for the purpose of amending § 10 of special act No. 510 of 1919, in the method of voting for or petitioning for or invoking the stock law as applied to Columbia County. Act 173 of the Special Acts of 1923, p. 328.

Section 1 of this act provides that § 10 of act 510 of the Special Acts of the General Assembly of 1919 be amended so as to read as follows:

"Section 10. If it is shown by the return of any election under this act that a majority of the electors of any township or any number of townships vote for 'stock law' four months thereafter, this act shall be in operation in such township or townships; but, if a majority of the electors of any township in Columbia County, where this act is not now in operation and effect, file a petition 'for stock law' before the general election in 1924, with the county clerk of said county, four months after date of such filing, this act shall become operative and be in full force and effect in such township or townships until suspended by a vote of the electors as in this act provided. Where a majority of the electors of any township or townships in Columbia County, Arkansas, in which this act is now in operation and effect, file a petition 'against stock law,' before the general election in 1924, with the county clerk of Columbia County, Arkansas, four months after the date of such filing, the operation of this act shall be suspended in such township or townships, until put in force and effect by a vote of a majority of the electors of any township or townships as in this act provided. By this act it is intended to provide a method by which and a law under which the citizens of Columbia County, Arkansas, may, within any locality, control and regulate the restraining and running at large of horses, mules, asses, goats, sheep, geese, jennets, and cattle and hogs."

The act was approved February 23, 1923, and it is claimed by counsel for the defendant that it repealed the act of 1915 referred to above, in so far as Columbia County is concerned. No election was held or petition filed under the provisions of § 1 of act 173 of the Legislature of 1923.

The case was submitted to the circuit court without a jury, and the court found the defendant guilty of permitting his stock to run at large, in violation of the provisions of act 156 of the Legislature of 1915, and assessed his punishment at a fine of $5.

The facts sustained the finding of the circuit court, and the sole question raised by this appeal is whether or not act 173, passed by the Legislature of 1923, repealed act 156, enacted by the Legislature of 1915, in so far as it affects Columbia County.

There has been no express repeal of the act of 1915 referred to, and repeals by implication are not favored. To produce this result, the two acts must be upon the same subject and there must be a plain repugnancy between their provisions, in which case the latter act, without the repealing clause, operates, to the extent of repugnancy, as a repeal of the first. *Coats* v. *Hill*, 41 Ark. 149; *Blackwell* v. *State*, 45 Ark. 90; *Sanderson* v. *Williams*, 142 Ark. 91; *Bank of Blytheville* v. *State*, 148 Ark. 504; and *Aetna Casualty & Surety Co.* v. *North Little Rock*, 157 Ark. 291.

Tested by this rule, we do not think that the act of 1915, under which the defendant was convicted, was repealed by the special act of 1923 copied above. As we have already seen, an act cannot be repealed by implication, unless the implication necessarily follows from the language used.

In *Wood* v. *United States*, 16 Pet. (U. S.) 342, Judge STORY said:

"We say by necessary implication; for it is not sufficient to establish that subsequent laws cover some or even all of the cases provided for by it; for they may be merely affirmative, or cumulative, or auxiliary. But

there must be a positive repugnancy between the provisions of the new law and those of the old; and even then the old law is repealed by implication only *pro tanto* to the extent of the repugnancy."

Section 1 of the special act of 1922 purports to amend § 10 of the special act of 1919, "so as to read as follows," and thereby repeals everything contained in said § 10 not reenacted; and the amended statute is to be construed as if the statute had been originally enacted in the amended form.

The general act of 1915 is to be superseded by the operation of the special act of 1923 upon the occurrence of a definitely specified contingent event, and that event is the action of the majority of the people in any township or townships in Columbia County. Therefore, it will be seen that the general act is to be repealed by legislative authority exercised through the electors of the various townships of Columbia County as its chosen agency. The operation of the general statute is not suspended until the special act of 1923 is put in operation by some act of the electors in the way specified in the statute. Until the prescribed action is taken by the electors of any township or townships, the old statute is in force, and the new statute is merely cumulative or auxiliary to it.

In *Jacksonville* v. *Bowden*, 67 Fla. 181, 64 So. 769, Ann. Cas. 1915D, p. 99, the Supreme Court of Florida held that a statute may be, in whole or in part, repealed or superseded or abrogated by implication of law, as the result of the due enactment of a subsequent statute covering the same subject, or by the operation of a later statute upon the occurrence of a definitely specified contingent event.

The result of our views is that the judgment of the circuit court was correct, and should be affirmed.