GILLILAND OIL COMPANY *v.* STATE EX REL. ATTORNEY GENERAL.

Opinion delivered June 14, 1926.

1. STATUTES—REPEALS.—The presumption is against repeals of statutes by implication.

2. TAXATION—FRANCHISE TAX—REPEAL.—Acts 1923, p. 317, § 1, fixing the value of nonpar stock for taxation of the franchises of foreign corporations, was not repealed by Acts 1925, p. 687.

3. TAXATION—FRANCHISE TAX OF FOREIGN CORPORATION.—Computation of the franchise tax of a foreign corporation, partly of the par value of $100 per share and partly without par or face value, in accordance with Acts 1923, p. 317, by taking the face value of par stock and the value of the nonpar stock at $25, was proper.

Appeal from Pulaski Chancery. Court; *John E. Martineau*, Chancellor; affirmed.

*Carmichael & Hendricks* and *Robert N. Maxey*, for appellant.

*H. W. Applegate*, Attorney General, and *John L. Carter*, Assistant, *Utley & Hammock* and *Sam M. Clark*, for appellee.

McCulloch, C. J. This is an action instituted by the State, on the relation of the Attorney General, against the appellant, Gilliland Oil Company, a foreign corporation doing business in this State, to enforce payment of franchise tax and penalty for nonpayment.

Appellant is a Delaware corporation, and is doing business in the State of Arkansas. Its capital stock is partly of par value of $100 per share and partly without par or face value, being what is termed nonpar value stock. Appellant complied with the statutes of the State in order to do business here, and filed its report for the year 1925 with the Railroad Commission. The Commission fixed and certified to the Auditor the franchise tax, in accordance with the statute (Acts 1923, p. 317), which provides, in relation to a corporation having stock without par value, that "for the purpose of the taxes or fees prescribed by law to be paid on the filing of any certificate or other paper relating to corporations and of franchise taxes prescribed by law to be paid by corporations to the State of Arkansas, but for no other purpose, such shares shall be taken to be of the par value of twenty-five dollars each." The statute fixing the amount of the tax (Crawford & Moses' Digest, § 9804, as amended by Act of March 27, 1925, Acts 1925, p. 687) provides that all foreign corporations shall pay "for the privilege of exercising its franchise within this State, a tax of one-tenth of one per cent. each year upon the proportion of the issued and outstanding capital stock of the corporation used in Arkansas, as represented by property owned and business transacted in this State."

Appellant protested the amount of the tax fixed by the Railroad Commission, and offered to pay the tax on

the proportion of the actual market value of its stock. The chancery court decided in favor of the State's contention, and rendered a decree for the amount of the tax certified by the Railroad Commission and the penalty therefor. An appeal has been prosecuted.

The question of the validity of the act of 1923, *supra,* fixing the taxable value of nonpar value stock, and the question of the application of that statute to foreign corporations, must be treated as foreclosed by the decision of this court in *State* v. *Margay Oil Corporation,* 167 Ark. 614. That case is now pending in the Supreme Court of the United States on writ of error, but we adhere to our own decision and find no reason to recede from it, unless a later decision of the Supreme Court of the United States conflicts therewith.

It is also contended that the act of 1923, *supra,* has been repealed by the act of 1925. The contention is that the last-mentioned statute covers the whole subject completely and operates as a repeal by substitution, and that it also works a repeal for the reason that it is in conflict with the prior statute. We do not think that there has been a repeal upon either theory. The well-settled presumption against repeal by implication is not overcome by the substance of the later statute. Section 1 of the act of 1923, *supra,* quoted above, relates solely to the question of fixing, for taxation purposes, the value of nonpar value stock of any corporation, domestic or foreign. It is a separate and distinct subject, which is not covered by any prior statute or by the act of 1925, *supra.* The act of 1925 cannot be treated as a substitution, for it does not cover the whole subject. It merely amends certain specified sections of the Digest and repeals others, and those sections have no reference to the subject contained in the act of 1923. Nor is there any repugnant provision in the act of 1925, *supra,* for the reason that it does not deal with the question of fixing the value of nonpar value stock. Our conclusion is that there has been no repeal of that feature of the act of 1923, *supra,* relating to the value of nonpar stock, and that it is still

in force for the purpose of ascertaining the amount of franchise tax of corporations issuing that kind of stock.

It is finally contended that, even if the statute is constitutional and has not been repealed, the Commission made the computation on the wrong basis. This contention is, we think, unsound. If § 1 of the act of 1923, *supra,* is in force, the computation was correct, for that statute provides in express terms that, for the purpose of "franchise taxes prescribed by law to be paid by corporations to the State of Arkansas, * * * such shares shall be taken to be of the par value of twenty-five dollars each." That was the very point of our decision in the Margay case, *supra,* for the same argument was made in that case as is now made by learned counsel for appellant in this case. The statute then in force requiring foreign corporations to make report to the Commission provided that there should be a report of the market value of stock, and yet we held that the other statute controlled and made the face value of the par stock and the statutory value of nonpar stock the basis for measuring the tax. This is not a property tax. Neither the tangible property in or out of the State, nor any part of the capital stock itself, is taxed. It is a tax on the franchise, and is measured by the proportionate amount of capital stock represented by the property and business of the corporation in this State. The statute does not attempt to deal with the separate ownership of stock or the different kinds of stock, but it deals with the capital stock as a whole, and measures the tax by the proportionate part represented by property and business in the State.

Our conclusion is that this case is controlled by our decision in the Margay case, *supra,* and that if that decision is to be adhered to—and it is—the decree of the chancery court should be affirmed, and it is so ordered.

Wood, J., dissents.