WILKIN *v.* SPECIAL SCHOOL DISTRICT OF HAZEN.

Opinion delivered June 16, 1930.

*Samuel S. Jefferies,* for appellant.

*Chas. B. Thweatt,* for appellee.

HUMPHREYS, J. This is an appeal from a decree sustaining a demurrer to and dismissing the complaint of appellant filed in the chancery court of Prairie County, Southern District, praying that appellee be enjoined from issuing $30,000 of bonds and executing a mortgage on the school property to secure same for the purpose of making repairs upon the school building, and to pay the outstanding indebtedness against said school district. It was alleged in the complaint that appellees had advertised, received bids for and entered into a contract for the sale of $30,000 negotiable bonds in accordance with the procedure required by §§ 8984 and 8986 of Crawford & Moses' Digest, as amended by later acts, for purpose provided in acts 62 of 1927 and 164 of 1929. The injunction was sought upon the alleged invalidity of said acts 62 and 164 because neither act contained any procedure to be followed in issuing bonds, nor any authority to secure same by a mortgage upon the school property; and because appellees were proposing to cover two purposes in one issue of bonds.

Said acts 62 and 164 were passed by the Legislature to enlarge the purposes for which bonds might be issued by a special school district so as to embrace debts which had been incurred for general operating expenses. This court ruled in the case of *Phillips* v. *Baker,* 172 Ark. 726, that § 8984 of Crawford & Moses' Digest was not broad enough to authorize the issuance of bonds by a special school district to make ordinary repairs or for the operation of schools. Subsequent to this decision said acts 62 and 164 were passed to authorize the issuance of bonds by special school districts to pay their debts, whether incurred for the construction of buildings or the operation of the schools or other legal purposes, in addition to the authority already conferred on said district to issue bonds under and in accordance with act 180 of the Acts of 1917 of which §§ 8984 and 8986 of Crawford & Moses' Digest are parts. *Phillips* v. *Baker,* 174 Ark. 403. All three acts related to the same subject, and the rule is that analogous acts or acts *in pari materia* should be read together in order to ascertain and carry out the intention of the Legislature. Said acts 62 and 164 were passed to supplement said act 180 as subsequently amended. When these acts are read together, the procedure to be followed in issuing bonds is set out and authority is conferred to execute mortgages to secure same. This construction of the three analogous statutes disposes of two objections to the validity of act 62 of 1927 and 164 of 1929. The other objection to the validity of the acts has been disposed of by this court in the case of *Indian Bayou Drainage District* v. *Dickie,* 177 Ark. 728. It was said in that case that "If separate bond issues may be authorized for each purpose, a single issue would suffice for both purposes." The instant case in this particular is ruled by the principle therein announced and quoted above.

No error appearing, the decree is affirmed.