ROSE *v.* W. B. WORTHEN COMPANY.

Opinion delivered November 2, 1931.

*Carmichael & Hendricks,* for appellant.

*E. G. Shoffner,* for appellee.

KIRBY, J. This appeal challenges the validity of a mortgage by the guardian or curator of certain minors made to secure a loan with which to pay certain liens

on their real estate and for their maintenance and support.

Pearl Dooley, the widow of Geo. H. Dooley, now Pearl Dooley Rose, was first appointed administratrix of her husband's estate and later was discharged or resigned, and appellee company was duly appointed curator or guardian of the minors, who owned certain property, three pieces of real estate of west 12th Street in Little Rock, one piece of which had been mortgaged and upon which there were several liens for taxes, etc.

Appellee company filed a petition asking authority as curator to mortgage the lands of its wards, alleging that the widow's dower had never been assigned to her, and the two children were absolutely destitute and badly in need of food and clothes and must be taken out of school and put into a charitable institution unless they were afforded immediate relief as prayed.

The petition reads in part as follows: "Petitioners pray that, in order to care for the many liens, to keep the heirs in school and prevent them becoming subjects of charity, and to prevent the waste and loss of the balance of the estate, that petitioner, as guardian and curator, be authorized and directed to borrow from such source as may be available, the sum of $750, at the best possible rate of interest, and to mortgage or pledge such real estate as may be necessary to secure the payment of said loan, and petitioner further prays for such other relief as may be necessary to protect the interest of the minors."

The petition was dated April 21, 1930, filed April 22, and granted on the same day. The order recites:

"W. B. Worthen Company, curator of the estates of George Leon Dooley and Emma Loraine Dooley, is therefore by the court authorized, directed and ordered to borrow from such source as it may deem best the sum of $750 at the best possible rate of interest, and it shall pledge or mortgage to secure the repayment of said money lot 1, block 1, Worthen and Brown's Addition to the city of Little Rock the property of said minors.

Said sum shall be expended by said curator, under the orders of this court, to relieve the situation recited above in the finding of this court. The note or notes executed by the curator for said sum and the mortgage or deed of trust executed to secure the payment of such note or notes shall be a valid and binding obligation on the estates of the said minors and shall constitute a valid and subsisting lien against said lot 1, block 1, Worthen and Brown's addition to the city of Little Rock.''

The curator reported the borrowing of the money to the court for the minors from the bank or its trust agent, and prayed an order authorizing the payment of certain claims, etc. The court confirmed the report of the curator reciting the amount borrowed, that it was not less than two-thirds of the value of the minors' interest in the lot mortgaged, which was not the homestead of the minors or their mother, and that the widow of George Dooley, having a right of dower therein, signed with the curator as principal, etc.

The complaint attacking the validity of the mortgage was demurred to, as also were the two amendments thereto, and the demurrer was finally sustained, and the complaint dismissed for want of equity.

Under our former statutes no authority was given executors, administrators or guardians to borrow money and mortgage real property of the estate to secure funds for maintenance and education of the minors. But act 195 of 1927 authorizes such executors, administrators and guardians to borrow money for certain purposes and secure the same by mortgage upon the real estate belonging to the estate represented by them. Section 120b, Castle's Supplement to Crawford and Moses' Digest, provides the procedure and reads as follows:

''When any administrator, executor or guardian presents to the probate court of the county in which any real property belonging to the estate represented by such administrator, executor or guardian is situated, his petition for permission and authority to mortgage the real

property, or any part thereof, belonging to said estate, in Arkansas, for the purpose of raising money to pay obligations secured by liens against any real property belonging to the estate represented by such administrator, executor or guardian, wherever situated, such probate court shall examine the same, and hear the evidence, and if satisfied that it would be to the best interest of such estate, then said court shall grant the petition and authorize such administrator, executor or guardian to borrow money and execute notes for the same, secured by a mortgage or trust deed to be executed by said administrator, executor or guardian on any part of the real estate belonging to such estate, situated in Arkansas. Provided, that the homestead shall not be encumbered by mortgage or trust deed except for the purpose of satisfying existing liens against said homestead.'' There is no authority granted by this statute to borrow money and secure the same by a mortgage or deed of trust except for the purposes specified in the act, and it contains no expression authorizing the borrowing of money for the maintenance and education of the minors. The probate court was without power to authorize the borrowing of money and execution of a mortgage by the guardian, etc., for any other purpose than as expressed in the statute, and its order authorizing it, as well as the mortgage executed in pursuance thereof for money to be used for any other purpose were void, and such mortgage constituted no lien against the lands and cannot be enforced against them for any money borrowed and expended for any purpose other than as specified in said statute.

We do not decide whether the dower interest of the widow of the decedent, the mother of the minor children, who joined in the execution of the mortgage and whose dower in the property mortgaged had not been assigned, bound such interest to the payment of any money furnished her, it not being necessary to the determination of the cause herein.

554

For the error designated the decree will be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion. It is so ordered.