RIGHTSELL *v.* CARPENTER.

4-3148

Opinion delivered October 16, 1933.

24

*Kenneth Lane* and *Trieber & Lasley*, for appellant.

*E. G. Shoffner*, for appellee.

JOHNSON, C. J., (after stating the facts). In holding the two mortgages void in so far as they affect the interests of the three minor children, the trial court evidently based his findings upon the case of *Rose* v. *W. B. Worthen Company*, 184 Ark. 550, 42 S. W. (2d) 1002.

In that case this court had under consideration a mortgage executed by a guardian in behalf of her wards which was duly authorized by the probate court of Pulaski County upon petition therefor, as follows:

"Petitioners pray that, in order to care for the liens, to keep the heirs in school and prevent them becoming subjects of charity, and to prevent waste and loss of the balance of the estate, that petitioner, as guardian and curator, be authorized and directed to borrow $750 at the best possible rate of interest and to mortgage the interest of her wards in the real estate to secure the payment therefor."

The probate court of Pulaski County granted the petition of the guardian and authorized the execution of the mortgage. The mortgage was executed in conformity to the probate court order. This court, in disposing of the question there presented, used the following language:

"Under our former statutes no authority was given executors, administrators or guardians to borrow money and mortgage real property of the estate to secure funds for maintenance and education of the minors. But act 195 of 1927 authorizes such executors, administrators and guardians to borrow money for certain purposes and secure the same by mortgage upon the real estate belonging to the estate represented by them. Section 120b, Castle's Supplement to Crawford & Moses' Digest, provides the procedure and reads as follows:

"When any administrator, executor or guardian presents to the probate court of the county in which any real property belonging to the estate represented by such administrator, executor or guardian is situated, his petition for permission and authority to mortgage the real property, or any part thereof belonging to said estate, in Arkansas, for the purpose of raising money to pay obligations secured by liens against any real property belonging to the estate represented by such administrator, executor or guardian, wherever situated, such probate court shall examine the same, and hear the evidence, and, if satisfied that it would be to the best interest of such estate, then said court shall grant the petition and authorize such administrator, executor or guardian to borrow money and execute notes for the same, secured by a mortgage or trust deed to be executed by said administrator, executor or guardian on any part of the real estate belonging to such estate, situated in Arkansas. Provided, that the homestead shall not be incumbered by mortgage or trust deed except for the purpose of satisfying existing liens against said homestead." There is no authority granted by this statute to borrow money and secure the same by a mortgage or deed of trust except for the purposes specified in the act, and it contains no expression authorizing the borrowing of money for the maintenance and education of the minors. The probate court was without power to authorize the borrowing of money and execution of a mortgage by the guardian, etc., for any other purpose than as expressed in the statute, and its order authorizing it, as well as the mortgage executed in pursuance thereof for money to be used for

any other purpose, were void, and such mortgage constituted no lien against the lands and cannot be inforced against them for any money borrowed and expended for any purpose other than as specified in said statute.

After most serious consideration, we have concluded that the doctrine announced in the Rose case, *supra,* to the effect that no authority of law existed prior to act 195 of 1927 permitting guardians to mortgage or incumber by deeds of trust their wards' interest in real estate in Arkansas for educational purposes is hereby expressly overruled, because:

The Legislature of 1873 passed an act, which is now § 5037 of Crawford & Moses' Digest, which reads as follows:

"The probate court shall order the proper education of minors according to their means, and for that purpose may, from time to time, make the necessary appropriations of the money or personal estate of any minor, and, when the personal estate shall be insufficient or not applicable to the object, upon application the court may order the lease or sale of real estate, or so much thereof as may be requisite, or that the same be mortgaged for not less than two-thirds of its real value, to raise the funds necessary to complete the education of such minor." Act April 22, 1873, p. 185.

This section of the act of 1873 has been brought forward by all the digesters of the statutes of this State since that time and has been treated and considered by every one as a part of the laws of this State. Section 5037, quoted *supra,* in plain and simple language gives to guardians the right and authority, after application to and approval by the probate court, to execute mortgages on their ward's lands for the purpose of raising money for the education of such wards. By the terms of this section of the statute, the ward's rights and interests are protected by the orders and findings of the probate courts, which courts, by constitutional enactment, are vested with superintending control over all such estates. Article 7, § 34, Constitution of 1874. This section of the Digest further protects the interests of the ward, in that the lands must be appraised by disinterested persons appointed by

the probate court. It further protects their interest, in this, that such mortgage cannot be executed until it is determined by the probate court that the personal estate of such ward is insufficient or inapplicable to the object.

We now hold that under the act of April 22, 1873, a part of which is now § 5037 of Crawford & Moses' Digest, guardians and curators do have authority, after approval of the probate court of the county wherein the lands are situated, to execute valid mortgages and deeds of trust upon the wards' lands for educational purposes.

It is insisted in the instant case that § 5037 of Crawford & Moses' Digest has been repealed by act 195 of 1927. Section 2 of act 195 of 1927, which is said to repeal § 5037 of Crawford & Moses' Digest, reads as follows:

"That when any administrator, executor or guardian presents to the probate court of the county in which any real property belonging to the estate represented by such administrator, executor or guardian is situated, his petition for permission and authority to mortgage the real property, or any part thereof, belonging to said estate, in Arkansas, for the purpose of raising money to pay obligations secured by liens against any real property belonging to the estate represented by such administrator, executor or guardian, wherever situated, such probate court shall examine the same, and hear the evidence, and, if satisfied that it would be to the best interest of such estate, then said court shall grant the petition and authorize such administrator, executor or guardian to borrow money and execute notes for the same, secured by a mortgage or trust deed to be executed by said administrator, executor or guardian on any part of the real estate belonging to such estate, situated in Arkansas. Provided, that the homestead shall not be incumbered by mortgage or trust deed except for the purpose of satisfying existing liens against said homestead."

If § 5037 of Crawford & Moses' Digest is repealed by act 195 of 1927, it must be by implication, because no direct repeal is effected by plain terms of the act.

Repeals by implication are not favored in the law. *Houck* v. *State*, 166 Ark. 613, 267 S. W. 127; *State* v.

*White,* 170 Ark. 880, 281 S. W. 678; *Mays* v. *Phillips County,* 168 Ark. 826, 272 S. W. 62.

This court held in *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649, that "the repeal of any law merely by implication is not favored and the repeal will not be allowed unless the implication is clear and irresistible."

Again, this court held in *Gilliland Oil Company* v. *State ex rel. Attorney General,* 171 Ark. 415, 285 S. W. 16, that "the presumption is against repeal of statutes by implication."

Tested by the rules above announced, it is perfectly evident that act 195 of 1927 does not repeal by implication any part of § 5037 of Crawford & Moses' Digest other than the homestead rights of the minors, which will be discussed hereafter. In other words, we now conclude that act 195 of 1927 gives to guardians the additional right and authority to mortgage their wards' lands for the purpose of refunding subsisting liens against the same, and withdraws all authority of such guardians to incumber their wards' homesteads, except for the purpose of refunding subsisting liens against such homesteads.

It will be noted that the proviso appearing at the end of § 2 of act 195 of 1927 reads as follows:

"That the homestead shall not be incumbered by a mortgage or trust deeds except for the purpose of satisfying existing liens against said homestead." This proviso has the effect of withdrawing all authority from guardians to mortgage or incumber by deeds of trust the homestead rights of minors for any purpose other than "raising money to pay obligations secured by liens against such homesteads."

The effect of our holding is that, under § 5037 of Crawford & Moses' Digest, guardians and curators had the power and authority, with the approval of the probate courts, to execute mortgages and deeds of trust upon the real estate belonging to their wards for educational purposes, which necessarily included the right to mortgage the homestead of such minors. This authority existed up to the effectiveness of act 195 of 1927. This act withdrew all authority theretofore in guardians to

mortgage the homestead except for the purposes expressly recognized in said act.

The two mortgages in the instant case, having been executed after the effectiveness of act 195 of 1927, their validity must be measured by said act.

It follows from what we have said that the mortgage upon lot 10 in block 426, DuVall's addition to Little Rock, the same being the homestead of the minors, is void in so far as the minors' interests are concerned, and the chancellor was correct in so holding. The mortgage, however, covering lot 9 in block 426 is a valid lien against the minors' interest in said lot, and the chancellor erred in holding otherwise.

For the reasons aforesaid, the case is reversed, and the cause is remanded with directions to the chancery court to enter a decree in conformity with this opinion.