POLK *v.* CORNING SCHOOL DISTRICT No. 8 OF CLAY COUNTY.

4-6581                                    155 S. W. 2d 342

Opinion delivered November 3, 1941.

*C. T. Bloodworth,* for appellant.

*J. L. Taylor* and *D. M. Hines,* for appellee.

SMITH, J.  Appellant, who is a resident taxpayer of the Corning School District No. 8 of Clay county, seeks, by this suit, to restrain the district from issuing $78,000 in bonds, of which $34,500 will be new bonds issued under act 369 of the Acts of 1941.  The remainder are bonds to refund outstanding bonds.

The total assessed valuation of all taxable property in the district, which has an outstanding valid bonded indebtedness of $43,500, bearing 4½ per cent. interest, which it proposes to refund with bonds bearing interest at the rate of 4 per cent., is $780,045.

On February 17, 1941, the district suffered a total loss of its school building by fire, which it proposes to rebuild.  The proceeds of the fire insurance policies carried on the building are inadequate for this purpose, but the district has assurance from federal agencies of enough help to replace the building, if it can issue the proposed bonds under the provisions of act 369.  The proposition was submitted to the electors and approved by an almost unanimous vote.  The ballots used at the election explained the proposition.

Act 369, omitting the emergency clause, reads as follows: "Section 1.  Any school district which suffered the partial or total loss of its school building by fire during the years of 1939, 1940, or 1941 is hereby authorized to issue bonds in an amount not to exceed ten per cent. (10%) of its assessed valuation for the purpose of replacing or repairing such building."

It is insisted that this act was repealed impliedly by act 393 passed at the same 1941 session of the General Assembly.  If such is the effect of act 393, that result is by implication, as the highest numbered act contains no such recital.

In considering this question, it must be remembered that the rule of construction has long been that repeals by implication are not favored, and that the presump-

tion is against repeal of statutes by implication. *Gilliland Oil Co.* v. *State, ex rel. Attorney General,* 171 Ark. 415, 285 S. W. 16.

Act 369 was approved March 26, 1941, and act 393 was approved March 27, 1941, but the legislative journals disclose that act 393 was passed by the General Assembly on March 12, and delivered to the Governor on that day, while act 369 was passed March 11th, and delivered to the Governor on March 17, or five days later than the bill which became act 393. It appears highly improbable that the General Assembly was attempting to pass—and then repeal—act 393 in this manner.

But if it be said that the presumption against the repeal of an act by implication is not conclusive, it may be answered that reliance does not have to be placed on this presumption. We find no conflict between the acts. It is apparent that they relate to different situations. Act 393 is one relating to the general subject of refunding, and is applicable to all school districts at all times, whereas act 369 is an emergency act, applying only to those school districts which have suffered a partial or total loss of their school buildings by fire, and this only to fires occurring during the years 1939, 1940 and 1941. By its terms and its own limitations, act 369 will be inapplicable to fire losses occurring after 1941. It is a special grant of authority to every school district in the state for a limited time which has suffered this loss.

On the other hand, act 393 is a restatement, by way of amendment, of § 11493 of Pope's Digest of the general and continuing powers of all school districts. It is stated, and is, no doubt, true, that the reason for the time limitation contained in act 369, is that it was unknown how long federal aid would be available in such emergencies, and it was intended to make it possible for school districts which had sustained the misfortune of losing their school buildings by fire to take advantage of this aid. At any rate, the acts relate to different conditions and circumstances, and we find no such conflict in their provisions that it must be said that one repealed the other.

It is insisted that act 369 is invalid because it contains no provision pursuant to which the power conferred

may be exercised. To this objection it is answered that the act does not purport to re-enact the statutes relating to .bond issues by school districts, but only enlarges the purposes for which bonds may be issued, and must be read in connection with other statutes in force relating to that subject. The case of *Wilkin* v. *Special School District of Hazen,* 181 Ark. 1029, 29 S. W. 2d 267, appears to be conclusive of this question. See, also, to the same effect, the very recent case of *Lakeside Special School District of Chicot County* v. *Gaines, ante* p. 779, 153 S. W. 2d 149.

We do not construe act 369 as imposing a maximum limitation of 10 per cent. of the assessed value of the property within a school district for all purposes. Rather, it confers the power, for a limited time only, of issuing bonds to the extent of 10 per cent. of the assessed value for a specific purpose. But, if this were not true, and the maximum limitation for all purposes was 10 per cent. of the assessed valuation, this construction would not invalidate the bond issue here questioned, for the reason that the total bond issue voted by the electors for all purposes does not exceed 10 per cent. of the assessed valuation.

Certain other questions are raised which have been decided adversely to appellant's contentions in the recent cases of *Wall* v. *Eudora Special School District of Chicot County, ante* p. 904, 154 S. W. 2d 12, and *Lakeside Special School District of Chicot County* v. *Gaines, supra.*

It follows, from what we have said, that appellant's complaint was properly dismissed as being without equity, and it is accordingly affirmed.