Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
The following official Attorney General's opinion is written in response to the following questions regarding Acts 189, 527, 836 and 837 of 1987:
 1. Does Act 837 of 1987 limit the provisions of Act 189 of 1987 or just provide an additional method for a fire department to become entitled to limited liability?
 2. Is Section 8 of Act 837 of 1987 an additional way for volunteer fire fighters to receive workers' compensation coverage or does it repeal or modify Act 527 of 1987?
 3. Can the fire fighters of a for-profit subscription fire department obtain workers' compensation coverage pursuant to Section 8 of Act 837 of 1987?
 4. Can a volunteer fire department obtain county workers' compensation coverage for minimum benefits pursuant to Act 837 of 1987 and avoid the possibility of having to pay a premium as could be required under Act 527 of 1987?
 5. Does Section 6 of Act 837 of 1987 grant fire departments the authority to fight forest fires on the lands of non-members? If so, would this fire department be entitled to compensation?
INTRODUCTION
The foregoing Acts were passed in the same legislative session, and should not be repealed by implication. Repeals by implication will not be allowed unless the implication is clear and irresistible. Rightsell v. Carpenter, 188 Ark. 21, 64 S.W.2d 101
(1933). There will not be an implied repeal unless a legislative intention to repeal or supersede the statute plainly and clearly appears; the implication must be clear, necessary and irresistible. McDonald v. Wasson, 188 Ark. 782, 67 S.W.2d 722
(1934).
When the same legislature acts on the same subject matter, the rule that Acts or statutes in pari materia should be construed together, applies with particular force to statutes which are enacted at the same time, or about the same time. The rule also applies to statutes or Acts passed at the same session of the legislature. 73 Am.Jur.2d, Statutes 190.
The foregoing Acts shall be construed together to determine the legislative intent towards their application.
LIMITED LIABILITY
Question 1: Does Act 837 of 1987 limit the provisions of Act 189 of 1987 or just provide an additional method for a fire department to become entitled to limited liability?
Pursuant to Section 7 of Act 837 of 1987 the volunteer fire fighter must be certified and the liability is limited to acts at the scene of a reported fire and those acts related to the suppression of the reported fire.
Pursuant to Section 1 of Act 189 of 1987 the fire fighter is not required to be certified to have limited liability. In addition, the Act is not restricted to the scene of the fire.
All volunteer fire fighters have limited liability under Act 189 of 1987, both certified and those not certified. The location of the Act or omission is not specified in Act 189 of 1987 and is much broader in terms of coverage than Act 837 of 1987. In addition, there are no exclusions expressly stated in Act 189 of 1987.
Therefore, Act 189 of 1987 provides additional protection for volunteer fire fighters.
WORKERS' COMPENSATION
Question 2: Is Section 8 of Act 837 of 1987 an additional way for volunteer fire fighters to receive workers' compensation coverage or does it repeal or modify Act 527 of 1987?
Pursuant to Act 837 of 1987 certified volunteer fire fighters shall be provided minimum workers' compensation coverage provided that they request it and have met the minimum training standards and are a member of a certified fire department.
Pursuant to Act 527 of 1987 volunteer fire fighters may petition the quorum court for workers' compensation coverage. The Act does not specify the extent of coverage and provides that the premium may be required to come from other sources than the quorum court.
Therefore, Act 837 of 1987 provides an avenue for certified fire fighters to be provided with mandatory workers' compensation coverage while all other volunteers not certified may petition the county courts and be provided workers' compensation at their (the court's) discretion. There is no expressed prohibition that would deny a certified volunteer fire department from requesting workers' compensation coverage under Act 527 of 1987 although it is permissive legislation.
Question 3: Can the fire fighters of a for-profit subscription fire department obtain workers' compensation coverage pursuant to Section 8 of [Act] 837 of 1987?
Pursuant to Act 837 of 1987, a "'Fire Department' means any organization established for the prevention or extinguishment of fires, including but not limited to fire departments organized under an improvement district, private volunteer fire departments and volunteer fire departments" A volunteer fire fighter of a certified fire department, who is also individually certified, is eligible for workers' compensation coverage, regardless of the type of fire department of which he is a member.
Question 4: Can a volunteer fire department obtain county workers' compensation coverage for minimum benefits pursuant to Act 837 of 1987 and avoid the possibility of having to pay a premium as required by Act 527 of 1987?
To be eligible for workers' compensation coverage under Act 837 of 1987 a fire fighter must be a member of a certified department and take the minimum training recommended by the State Fire Protection Board. Therefore, a volunteer fire department which is not certified would not be eligible for the benefits under Act 837 of 1987.
Question 5: Does Section 6 of Act 837 of 1987 grant certified fire departments the authority to fight forest fires of non-members? If so, would the fire department be eligible for compensation?
Pursuant to Act 837 of 1987 a certified fire department and its fire fighters are given express authority to protect life and property by fighting fires.
Pursuant to Act 836 of 1987 a volunteer fire department has a duty to respond to all fires within its area of coverage, members and non-members, except forested lands, cutover lands, brush lands or grasslands of non-members. This exception has effect except when the fire is threatening the property or life of another individual. The volunteer fire department does not have the duty nor the authority to respond to these exempted lands unless there is a separate agreement between the landowner and the department.
Therefore, there is no authority under Act 837 of 1987 that would allow certified fire departments to fight forest fires on the lands of non-members unless one of these exceptions aforementioned is in effect. That is, if there is no additional agreement, nor any threat to another individual or their property, then the fire department has no authority. In addition, they would not be entitled to compensation.
The aforementioned answers address only the scope of the enumerated inquiries and do not attempt to address any other possible issues. In addition, Act 836 of 1987 in no way modifies or limits the existing authority of the State Forestry Commission or any laws applicable to the State Forestry Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Mark Lewis.