Sherry WHITE *v*. Kenneth O. HUGHES

74-258                                    519 S.W. 2d 70

Opinion delivered February 17, 1975

*McMath, Leatherman & Woods,* for appellant.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellee.

CONLEY BYRD, Justice. The appellant, Sherry White, a high school cheerleader, beauty queen and model, was a guest in an automobile driven by her boy friend, the appellee Kenneth O. Hughes when a collision occured with an automobile parked partly on and partly off the freeway. The trial court submitted the issues to the jury in accordance with our guest statute, Ark. Stat. Ann. § 75-913 (Repl. 1957), which denies a recovery to a guest except for willful and wanton negligence. The jury found the issues in favor of appellee. For reversal appellant contends only that the guest statute, *supra,* is unconstitutional, being in violation of article 2, § 18 of the Arkansas Constitution and the equal protection clause of the United States Constitution.

The constitutionality of our guest statute was upheld in *Roberson v. Roberson,* 193 Ark. 669, 101 S.W. 2d 961 (1937), as against the argument that it contravened article 2, § 18 of the Arkansas Constitution. A similar statute has been upheld as against the equal protection clause of the United States Constitution in *Silver v. Silver,* 280 U.S. 117, 50 S. Ct. 57, 74 L. Ed. 221 (1919). Appellant recognizes the foregoing authorities, but as predicted by the case notes in 49 Notre Dame Law 446 and 48 Tul. L. Rev. 419, she suggests we should follow the lead of the Supreme Court of California in *Brown v. Merlo,* 8 Cal. 3d 855, 106 Cal. Rptr. 388, 506 P. 2d 212 (1973), and reconsider the inequities and hardships imposed upon innocent victims by the guest statute. In the *Merlo* case, *supra,* the California guest statute was held in violation of the equal protection clause. The Texas Court of Civil Appeals in *Tisko v. Harrison,* 500 S.W. 2d 565 (Tex. Civ. App. 1973), after criticizing the *Merlo* case, *supra,* concluded that the Texas guest statute did not violate the equal protection clause. The Supreme Courts of Kansas, *Henry v. Bauder,* 213 Kan. 751, 518 P. 2d 362 (1974), Utah, *Cannon v. Oviatt,* —Utah —, 520 P. 2d 883 (1974), Idaho, *Thompson v. Hagan,* 96 Idaho 19, 523 P. 2d 1365 (1974) and North Dakota, *Johnson v. Hassett,* 217 N.W. 2d 771 (N.D. 1974), followed *Merlo, supra,* in striking down their guest statutes. The Supreme

Courts of Iowa, *Keasling* v. *Thompson,* — Iowa — , 217 N.W. 2d 687 (1974), Colorado, *Richardson* v. *Hansen,* —, Colo. — 527 P. 2d 536 (1974), Oregon, *Duerst* v. *Limbocker,* — Or. — , 525 P. 2d 99 (1974) and Delaware, *Justice* v. *Gatchell,* —Del. —, 325 A. 2d 97 (1974), followed the Texas Court in *Tisko* v. *Harrison, supra,* in upholding their guest statutes.

Upon the authorities cited we cannot say that the guest statute, *supra,* has no fair and rational relation to the legislative objectives sought to be controlled and like the Delaware Court, *Justice* v. *Gatchell, supra,* we take the view that if the rule of *Silver* v. *Silver, supra,* the highest authority on the equal protection clause, "is to be changed and the strictures of the Fourteenth Amendment extended in this area of the law, we shall await the views of the United State Supreme Court on the subject."

Affirmed.