Charles D. DAVIS, Individually and
as Regular Guardian of Theresa D.
DAVIS, a Minor *v.* Sondra D. COX
and Carl COX

79-306                                  593 S.W. 2d 180
Supreme Court of Arkansas
Opinion delivered February 11, 1980

*Laser, Sharp, Haley, Young & Huckabay,* for appellants.

*Haskins, Eubanks & Wilson,* by: *Gary Eubanks* and *James Swindoll,* for appellees.

JOHN F. STROUD, Justice. This is a damage suit by a passenger against the driver for injuries sustained in an automobile accident, which was submitted on a motion for summary judgment and a stipulation of all relevant facts. The stipulation would have precluded recovery because of the Arkansas guest statute, but the trial court held the statute void.

On August 1, 1978, appellee Sondra Cox was injured in an automobile accident while a passenger in a car driven by appellant Theresa Davis. The parties stipulated that Sondra Cox was a "guest" in the Davis vehicle at the time of the accident and that Theresa Davis was guilty of simple negligence in the operation of her vehicle, which was the proximate cause of appellee's damages of $25,000.00. Appellants moved for summary judgment based on the Arkansas guest statute, Ark. Stat. Ann. § 75-913 (Repl. 1979), which prohibits a "guest" from recovering damages from an owner or operator of a vehicle for injury or loss resulting from an accident in which the operator of the vehicle was guilty of no more than simple, or ordinary, negligence. The trial court found that the guest statute was violative of Article 2, §§ 2, 3 and 18 of the Arkansas Constitution and the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. In addition, the trial court ruled that the guest statute had been repealed by the Arkansas General Assembly by the passage of Act 367 of 1975 which, in pertinent part, provides for the comparison of the fault of the parties in all actions for damages for personal injury or wrongful

death or injury to property in which recovery is predicated upon fault. Appellee was awarded damages in the amount of $25,000.00 for her injuries and losses. From that judgment appellants take this appeal, alleging two points for reversal.

I.

THE GUEST ACT IS NOT CONTRARY TO EITHER THE ARKANSAS OR UNITED STATES CONSTITUTIONS.

The Arkansas guest statute, Ark. Stat. Ann. § 75-913 (Repl. 1979), provides as follows:

> No person transported as a guest in any automotive vehicle upon the public highways or in aircraft being flown in the air, or while upon the ground, shall have a cause of action against the owner or operator of such vehicle, or aircraft, for damage on account of any injury, death or loss occasioned by the operation of such automotive vehicle or aircraft unless such vehicle or aircraft was wilfully and wantonly operated in disregard of the rights of the others.

On several occasions this court has been called upon to rule on the constitutionality of our guest statute. Each time we have upheld the statute as not violative of the Arkansas or United States Constitutions. *Roberson* v. *Roberson,* 193 Ark. 669, 101 S.W. 2d 961 (1937); *White* v. *Hughes,* 257 Ark. 627, 519 S.W. 2d 70 (1975), appeal dismissed 423 U.S. 805, 96 S. Ct. 15, 46 L. Ed. 2d 26; *Rone* v. *Miller,* 257 Ark. 791, 520 S.W.2d 268 (1975). Our view on this question was unanimously reaffirmed less than five years ago in *White* v. *Hughes,* supra, where we announced our intention to "await the views of the United States Supreme Court on the subject" before altering our position on the equal protection clause and its effect on our guest statute. We think it significant that that court dismissed the appeal of our decision in *White* v. *Hughes,* supra, due to "want of a substantial federal question."

There is a presumption of constitutionality attendant to every legislative enactment, and all doubt concerning it must

be resolved in favor of constitutionality. *Stone* v. *State,* 254 Ark. 1011, 498 S.W. 2d 634 (1973); *Redding* v. *State,* 254 Ark. 317, 493 S.W.2d 116 (1973); *Bush* v. *Martineau,* 174 Ark. 214, 295 S.W.9 (1927). If it is possible for the courts to so construe an act that it will meet the test of constitutionality, they not only may, but should and will, do so. *Stone* v. *State,* supra; *Davis* v. *Schimmel,* 252 Ark. 1201, 482 S.W. 2d 785 (1972).

In determining whether a classification denies equal protection of the law, we have held, pursuant to *Reed* v. *Reed,* 404 U.S. 71, 92 S. Ct. 251, 30 L. Ed. 2d 225 (1971), that a classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. *Corbitt* v. *Mohawk Rubber Co.,* 256 Ark. 932, 511 S.W. 2d 184 (1974). Appellants cite the legislative objectives of prevention of collusive lawsuits, promotion of hospitality, Good Samaritanism and encouragement of car-pooling as justification for the classification under attack. Contrariwise, the trial court in his written opinion reasoned that although there may have been a fair and rational legislative purpose when the guest statute was enacted in Arkansas, such factors as the gasoline shortage and the prevalence of liability insurance have caused the guest classification to now be unreasonable and without a far and rational relation to the legislative objectives sought to be achieved. We acknowledge that legislative classifications can become unreasonable with the passage of time, but we find that the social changes recounted by the trial court have not been sufficiently broad and sweeping to have done so at this time in Arkansas.

Since the California Supreme Court struck down the California guest statute in 1973 in *Brown* v. *Merlo,* 8 Cal. 3d 855, 106 Cal. Rptr. 388, 506 P.2d 212 (1973), six other state courts have declared their guest statutes unconstitutional, while another half dozen states have repealed theirs. However, the Texas Court of Civil Appeals later upheld their guest statute as not contrary to the equal protection clause and criticized the decision in *Brown* v. *Merlo,* supra. *Tisko* v. *Harrison,* 500 S.W.2d 565 (Tex. Civ. App. 1973). At least four states have followed the decision in *Tisko. Brown* can be dis-

tinguished from *Tisko* and the present case in that California had previously abandoned the common law tort doctrine that a person's status determines the duty owed him, while Arkansas, Texas, and many other states retain the concept. The guest statute merely extends this doctrine from one's home or real property to his automobile.

It is not our function to rule on the wisdom or practicality of an act of the General Assembly; rather, we must limit ourselves solely to consideration of its constitutionality. Resolving any doubt about our guest statute in favor of constitutionality, as we must, we cannot say that the statute has no fair and rational relation to the objectives of the legislature. Therefore, we hold that the Arkansas guest statute, Ark. Stat. Ann. § 75-913 (Repl. 1979), is not violative of Article 2, §§ 2, 3, and 18 of the Arkansas Constitution, nor is it contrary to the Fourteenth Amendment to the United States Constitution.

## II.

## THE ARKANSAS GUEST STATUTE WAS NOT REPEALED BY ACT 367 OF 1975.

In addition to ruling the guest statute unconstitutional, the trial court also held that it was repealed by Act 367 of 1975. Act 367 (Ark. Stat. Ann. § 27-1764 [Repl. 1979]) provides as follows:

> . . . In all actions for damages for personal injuries or wrongful death or injury to property in which recovery is predicated upon fault, liability shall be determined by comparing the fault chargeable to a claiming party with the fault chargeable to the party or parties from whom the claiming party seeks to recover damages.

Section 4 of Act 367 expressly repealed Act 303 of 1973 (unrelated to this appeal) and "all other laws inconsistent therewith." As the guest statute was not expressly repealed by Act 367, the trial court must have found that it was repealed by implication. Repeals by implication are not favored in the law, and the repeal will not be allowed unless the implica-

tion is clear and irresistible. *Rightsell* v. *Carpenter,* 188 Ark. 21, 64 S.W. 2d 101 (1933); *Babb* v. *El Dorado,* 170 Ark. 10, 278 S.W. 649 (1926). Furthermore, the courts will not adjudge a statute to have been repealed by implication unless a legislative intention to repeal or supersede the statute plainly and clearly appears; the implication must be clear, necessary and irresistible. *McDonald* v. *Wasson,* 188 Ark. 782, 67 S.W. 2d 722 (1934).

As the General Assembly clearly expressed its intention in Section 4 of Act 367 to repeal Act 303 of 1973, but failed to so mention the Arkansas guest statute, we cannot say that it clearly intended to repeal Ark. Stat. Ann. § 75-913 (Repl. 1979). These enactments are not hopelessly at odds, as they must be to sustain a repeal by implication. Act 367 establishes a method of comparing fault to reduce the amount of recoverable damages, while the guest statute may entirely eliminate a cause of action. The two concepts are compatible as illustrated by the Arkansas Model Jury Instructions (Civil), which provide in AMI 2112 in part:

> If you should find that plaintiff guest was not guilty of negligence which was a proximate cuase of the occurrence, then he is entitled to recover the full amount of any damages you may find he has sustained which were proximately caused by any willful and wanton conduct of defendant driver.

> If you should find that the occurrence was proximately caused by negligence on the part of plaintiff guest and also by willful and wanton conduct on the part of defendant driver, then you must compare the percentages of their fault.

We, therefore, hold that the Arkansas guest statute was not repealed either expressly or impliedly by Act 367 of 1975.

Reversed and dismissed.

PURTLE and MAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I disagree with the

majority veiw because it appears to me that Ark. Stat. Ann. § 27-1764 (Repl. 1979) means what it says:

> In all actions for damages for personal injuries . . . in which recovery is predicated upon fault, liability shall be determined by comparing the fault. . . .

A guest suing for injuries would seem to me to fit into the above language. Therefore, it is my opinion the guest statute as such has been repealed by the General Assembly through enactment of the above statute.

RICHARD L. MAYS, Justice, dissenting. Although we have been confronted with the issue of the constitutionality of the guest statute several times, we have never subjected it to the rule of reason. That certainly is the standard of judicial review which the court subscribed to in *White* v. *Hughes,* 257 Ark. 627, 519 S.W. 2d 70 (1975), and to which the court pays homage today. As the majority properly acknowledge, for the classification scheme created by the guest statute to withstand judicial scrutiny under the equal protection provisions of our state and federal constitutions, the classification must be "reasonable" and have a "fair and substantial relation to the object of the legislation."

We obviously recognize this legal principle but have consistently refused to apply it to the guest statute. In *Roberson* v. *Roberson,* 193 Ark. 669, 101 S.W. 2d 961 (1937), we sustained the guest statute against constitutional challenge relying upon a Michigan Supreme Court case, *Naudzius* v. *Lahr,* 253 Mich. 216, 234 N.W. 581 (1931), which has since been overruled by the Michigan Supreme Court. *Manistee Bank and Trust Co.* v. *McGowan,* 394 Mich. 655, 232 N.W. 2d 636 (1957). In *White* v. *Hughes,* supra, we relied on *Roberson* v. *Roberson, supra,* to sustain the constitutionality of the guest statute. Today, we rely on *White* v. *Hughes, supra,* and suggest that we await the views of the United States Supreme Court before we undertake a more indepth constitutional analysis. I reject this approach and would hold, consistent with the constitutional principle enunciated today but not applied, that the guest statute violates Art. 2, § 3 of the Arkansas Constitution which provides in part:

> The equality of all persons before the law is recognized and shall ever remain inviolate.

The guest statute abrogates the duty of ordinary care by automobile driver/hosts to their passenger/guests. Ordinary care is simply the duty to act reasonably in relation to the health and safety of others. It prescribes a standard of conduct which is fundamental in any civilized society and without which our basic social fabric might be irreparably damaged.

Between 1927 and 1939 when this country was experiencing unprecedented economic stress, twenty-seven states, including our own, enacted guest statutes. These statutes have traditionally been justified in the name of the protection of hospitality and the prevention of collusive lawsuits. Although these may be noble objectives and well within the exercise of the legitimate legislative power, they can hardly be enhanced by the abrogation of the duty of ordinary care for the safety and wellbeing of our fellow brethren. Why should automobile guests be treated any differently than other recipients of hospitality or generosity? Does not the prevalance of liability insurance undermine any rational connection between the prevention of lawsuits and the protection of hospitality? Why eliminate all automobile guests' right to recover for negligence simply because a few may abuse the right?

The requirement of rationality is one of the most fundamental limitations which our constitution imposes upon our government when it singles out any group of citizens for special treatment or special burdens. The guest statute does not yield to this requirement and, therefore, must fail. Since their enactment, ten states have held the guest statute unconstitutional and others have repealed it. We should join their ranks.

I respectfully dissent.