Brenda DANNER, Plaintiff-Appellee,

v.

Linda Willing STAGGS,
Defendant-Appellant.

No. 81–2477
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 16, 1982.

Young, Patton & Folsom, David J. Folsom, Texarkana, Ark., for defendant-appellant.

Arnold, Lavendar, Rochelle, Barnette & Franks, E. Ben Franks, Texarkana, Ark., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This diversity jurisdiction personal injury suit, filed in federal district court in Texas, presents us with a single issue of what substantive law to apply, that of Texas or Arkansas. The District Court, in a bench trial, after applying Texas choice of law principles, determined that the substantive law of Texas controlled and entered judgment in favor of the plaintiff. We affirm.

### I. Facts

The facts of this case, reminiscent of a conflicts of law exam hypothetical, are largely undisputed. The center of the action is Texarkana, a city that is divided by the Texas-Arkansas state line. Appellant Linda Staggs grew up in Texarkana, Texas, where she attended school and resided with her parents. After completing high school in Texarkana, Texas, in May of 1979, Staggs subsequently obtained employment in Texarkana, Arkansas and moved to the

Arkansas side of the border in late June or July, 1979. In Arkansas, Staggs lived with a friend who owned a house there.

Appellee Brenda Danner, approximately one year younger than Staggs, grew up in Texarkana, Arkansas and attended public schools there. The two women, although growing up in two separate states, had been friends for about three years. On November 3, 1979, Staggs and Danner went to a birthday party given for Danner's sister at the Hayloft Club, located approximately seven miles west of Texarkana in Texas. They traveled in Staggs' car, which was registered in Texas. At about 11:30 p. m., the women decided to leave the Hayloft Club and proceed to the Boogie Club, located about one or two miles north of Interstate 30 on the Texas side of State Line Avenue.

With Staggs driving, they proceeded east seven miles on Interstate 30, taking the State Line exit. State Line Avenue, aptly named, is a four lane highway divided by the state line of Arkansas and Texas. Once on State Line Avenue, Staggs proceeded south, on the Texas side of the highway, moving over to the left-hand lane so as to make a left-hand turn or U-turn and eventually proceed northbound for a mile or two on State Line Avenue on the Arkansas side before making another left-hand turn onto the Texas side where the Boogie Club is located. As Staggs was making the first left-hand turn, that from the southbound Texas side of State Line Avenue, Staggs' vehicle was hit by another vehicle traveling north on State Line Avenue on the Arkansas side. As a result of the accident, Danner suffered a contusion to the brain with resulting permanent disability.

Danner brought suit in the Federal District Court, Eastern District of Texas, on May 1, 1981 against Staggs, alleging negligence on the part of Staggs. At the time this action was instituted, Staggs was residing in Texarkana, Texas, with her parents.[1] Staggs, in both an amended answer and oral motion for directed verdict, asserted that the accident occurred in Texarkana, Arkansas and that Arkansas at the time of the accident had in effect a guest statute, Ark.Stat.Ann. § 75–913,[2] which barred recovery by a guest passenger from a host driver unless willful misconduct on the part of the driver was proven. Danner contended that under Texas choice of law principles the substantive law of Texas was applicable and thus the affirmative defense of the Arkansas guest statute did not control. The Texas guest statute, Tex.Rev.Civ.Stat. Ann. Art. 6701b § 1(a), although once requiring intentional or reckless conduct, was narrowed in 1973 to provide immunity only in cases of relationship within the second degree of consanguinity or affinity where intentional or reckless conduct was not present.[3] Thus Danner's claim of negligence would be barred if Arkansas law

1. There is no dispute that the District Court had jurisdiction since Staggs was a resident of Texas at the time of the suit and Danner was a resident of Arkansas. Staggs did file a motion for change of venue, requesting that the case be transferred to the District Court for the Western District of Arkansas, Texarkana Division, which motion was denied.

2. Ark.Stat.Ann. § 75–913 provides:

No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, entering, or leaving such motor vehicle, provided this act [section] shall not apply to public carriers.

3. For a discussion of the Texas Guest Statute, including the method of computing consanguinity and affinity and the effect of pre-amendment law, see Nations, *The Texas Guest Statute Revisited*, Houston Lawyer, May 1982, at 42.

were to be applied but allowed if Texas law controlled.

In a non-jury trial, the District Court determined that Staggs was guilty of negligence and that the law of Texas was applicable, and it entered judgment for Danner. From this judgment Staggs appeals, alleging error in the choice of Texas law over Arkansas law.[4]

## II. *Choice of Law*

■ A federal district court, sitting in diversity cases, must apply the choice of law rules of the forum state, in this case Texas. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477, 1480 (1941). Texas has adopted the "most significant relationship" test as set forth in the Restatement (Second) Conflicts of Law, having recently abandoned the *lex loci delicti* rule, the traditional choice of law for tort cases. *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex.1979). This rather nebulous test requires a determination of what state has the "most significant relationship" to the occurrence and the parties under general principles set forth in § 6 of the Restatement (Second).[5] These general principles include policies of the forum, policies of other interested states, expectations of the parties, etc. In applying these general choice of law principles, § 145 indicates certain contacts to be taken into account when applying the principles of § 6, including the place of the injury, the place of the conduct causing the injury, the residence of the parties, and the place where the relationship of the parties is centered.[6]

The Texas Supreme Court has made clear, in applying the "most significant relationship" test, the analysis "should not turn on the number of contacts, but more importantly on the qualitative nature of those contacts as affected by the policy factors enumerated in Section 6." *Gutierrez*, 583 S.W.2d at 319. *See Crim v. International Harvester Co.*, 646 F.2d 161, 163 (5th Cir. 1981).

■ Appellant Staggs contends that the substantive law of Arkansas, with its guest statute barring recovery, should be applied because there are several contacts with that state. Specifically, Staggs asserts that the point of impact was in Arkansas, that the conduct causing the injury occurred in that state, that both parties were residents of Arkansas, and that the relationship of the parties was centered in Arkansas. Along

4. Staggs also alleges error in the denial of a directed verdict in her favor, but the basis of the directed verdict was that Arkansas law applied and there was no allegation or evidence of willful misconduct as required under the Arkansas guest statute for recovery.

5. Section 6 provides:
§ 6. Choice-of-Law Principles
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the·law to be applied.

6. Section 145 provides:
§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.

with the contacts mentioned in § 145 of the Restatement (Second), Staggs also contends that Texas has no interest in applying its own law while Arkansas does have an interest in seeing its guest statute enforced. Like Staggs, Danner also counts contacts, pointing out that the cause of action was properly filed in Texas, Staggs was a resident of Texas at the time the suit was filed, the specific points of departure and arrival were in Texas, Staggs' vehicle was registered in Texas, Staggs' driver's license was issued by Texas, and Staggs lived in Arkansas only briefly.

The District Court, in its conclusions of law, gave no specific reason for the choice of Texas law other than consideration of "all of the factors as required by law." However, from the transcript of the trial proceedings, it is clear that the District Judge gave weight to the fact that the negligence causing the accident, failure to keep a proper look-out, originated in Texas.[7]

Staggs contends that the negligence causing the accident occurred when she came to a complete stop on the northbound side of State Line Avenue in the line of oncoming traffic, rather than when she first pulled out from the Texas side of the highway. At the trial there was evidence that the car, when stopped, was in such a position that part of the car was in Texas, but that part in which Staggs was actually seated was on the Arkansas side of the line. This distinction of the place where the negligence occurred on the basis of which part of the car the driver was in seems to us overly technical. It evades the underlying fact that, prior to making the left turn, Staggs was in Texas and formed the decision that the road was clear for her passage while in Texas.

Nor do we find that the point of impact, whether in Texas or Arkansas, an issue disputed at the trial, determines which law to apply. While in certain circumstances this contact might be important under § 145 of the Restatement (Second), in this case we are talking about, at most, a few feet one side or the other.

The third factor, that of residence, was also disputed at trial. While there was no question that Danner had resided in Arkansas her entire life, there was a question as to Staggs' residence. Specifically, Danner contended that Staggs, who had moved to Arkansas approximately four months before the accident, was not a resident of Arkansas. For support, Danner relies on

---

7. In denying Staggs' motion for directed verdict, the District Court stated: "[T]he Court would make the observation that it does appear that such negligence as the Defendant is charged with, did occur in the state of Texas."

In finding for Danner, the District Judge stated:

It seems that really the only issue in the case is whether or not the Texas law should be applied or whether the Arkansas law should be applied. The Court feels considering all of the facts and circumstances, all evidence offered and all reasonable inferences, there is no question in the Court's mind that the Texas law should apply and should apply appropriately.

It appears to the Court that although the actual point of impact might have been in Arkansas, the occasion of the accident also happened in Texas and that a portion of the car was in Texas. And I don't believe you could draw the line so thin as to say that the part of the car that was touched by another part of the car being in one state would cause the Court to have to decide the case according to the state in which the actual touching or the actual collision occurred. So, it's un-

disputed that the collision occurred in Texas as well as in Arkansas, and so close to the line that you would not be able to distinguish between whether it occurred in Arkansas or whether it occurred in Texas.

\* \* \* \* \* \*

But it would be impossible to say that it [mental process] didn't originate in Texas because she was in the process of making a left turn from Texas across the line into Arkansas. So, she would have been required to keep a proper lookout in making such turn as well as to keep her vehicle in which she was driving under proper control. And these duties would automatically be the duties placed on the Defendant in Texas as well as in Arkansas.

So, the Court can only conclude that the negligence of the Defendant originated in Texas, continued on, perhaps, after crossing the state line. But the Court finds that she failed to keep a proper lookout and she also failed to keep her automobile under proper control in that she attempted to make a left turn when she could not do so in reasonable safety and that such negligence was a proximate cause.

the fact that Staggs was living with a friend, not paying rent. Also, Staggs made no effort to change the license or registration of her car, leaving both to reflect the Texas address of her parents with whom she had previously lived. Following the accident, Staggs remained in Arkansas less than a year and a half before returning to live with her parents in Texarkana, Texas. The fact that Staggs maintained her Texas driver's license and registration on her car, rather than procuring Arkansas replacements, is one strong indication that her residence in Arkansas was temporary.

The fourth factor mentioned in § 145 of the Restatement (Second), the place where the relationship between the parties is centered, is also difficult to determine since the parties knew one another prior to Staggs' moving to Arkansas. The activities of the women in general occurred on both sides of the Texas-Arkansas border. As to the specific incident in question, the women were traveling from one club in Texas to another also in that state.

The contacts with Arkansas and Texas are not determinative of which state has the "most significant relationship" to the parties and the occurrence. As the Texas Supreme Court pointed out, the analysis focuses not on quantitative contacts but on qualitative contacts and the policy factors enumerated in § 6 of the Restatement (Second). These choice of law principles point heavily in favor of applying Texas law. Contrary to Staggs' position, Texas does have an interest in applying its own guest statute to this accident, even though Danner was a resident of Arkansas. The fact that Texas amended its guest statute in 1973 to narrow its reach indicates a legislative intent that a driver be accountable to his or her passengers for negligence, unless the parties are related by blood or marriage.

From Texas' abandonment of the *lex loci* rule, it is also clear that Texas does not view the point of the accident as determinative of the law to be applied. In adopting the "most significant relationship" test, the Texas Supreme Court, in an opinion by then

Justice, now Circuit Judge, Sam Johnson, indicated that the *lex loci* test, adopted when interstate travel was relatively rare, was an anachronism, without significant relationship to modern society. "In today's highly mobile society, however, its continued application most commonly produces harsh and inequitable results." *Gutierrez*, 583 S.W.2d at 317. This statement makes clear that Texas courts do not believe that the rights of the parties should be determined solely by the fortuitous location of an accident, especially in a situation such as this where the parties cross from one state to another on a daily basis.

Arkansas, on the other hand, by enacting a guest statute, obviously has an interest in policies promoted by this type of legislation, such as preventing collusive lawsuits, promoting hospitality, and encouraging carpooling. *See Davis v. Cox*, 268 Ark. 78, 80, 593 S.W.2d 180, 182 (1980). However, under the facts of this case, Arkansas would have no interest in the application of its guest statute to protect the driver who is a Texas resident, at least at the time of filing suit. Were the roles reversed, we might find that Arkansas had a relevant interest in the application of its law.

In determining what law to apply, we must also look to the justified expectations of the parties. Here, Staggs had registered her car in Texas and maintained a Texas driver's license. From these facts, we can assume that she expected in general that the Texas law would govern the use and operation of her vehicle.

While the record does not indicate whether Staggs' car was insured, in considering the need for insurance, Staggs would have anticipated being subjected to the Texas law which allowed passengers to sue guests who were not related to them for negligence. She could hardly rely on the fortuity that she might be three feet across the state line to protect her in her daily trips back and forth across the Texas-Arkansas border. Nor could Staggs expect that negligent action occurring in Texas could be avoided if the resulting injury actually happened in Arkansas. Staggs from the mo-

mentary, fortuitous location of the accident cannot use the law of Arkansas as a shield to avoid responsibility which Texas has determined that the driver of a car should shoulder.

After examining the factors in § 6 and § 145 of the Restatement (Second), we find that Texas has the "most significant relationship" to the occurrence and the parties and that Texas has a significant interest in seeing its law, rather than that of Arkansas, applied.

AFFIRMED.