The Honorable Stark Ligon, Circuit Judge Chairperson, Tenth Judicial District Public Defender Commission P.O. Box 881 Warren, AR 71671
Dear Judge Ligon:
This is in response to your request for an opinion concerning Act 1193 of 1993, which pertains to county indigent defense fee ordinances.
As you note, Section 15(b)(1) of Act 1193 amends A.C.A. §14-20-102 (Cum. Supp. 1991) to mandate the imposition of a $5.00 fee to be taxed on certain civil and criminal cases. Eighty percent of the funds collected pursuant to this fee is to be retained by the counties and credited to their fund "for the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons," and the remaining twenty percent of the funds collected are to be remitted to the State Treasurer and credited to the "Public Defender Fund." See Act 1193 of 1993, § (b)(2) and § (a)(1).
Prior to Act 1193, § 14-20-102(b)(1) allowed county quorum courts the option of establishing a fund for the defense of indigents and to provide for a fee, not to exceed $5.00, to be taxed in certain civil and criminal cases. All of the funds collected pursuant to this provision were apparently to be credited to the county fund for the defense of indigents.
Section 15(d) of Act 1193 also allows the optional levy of an additional fee, not to exceed $5.00, on the same types of civil and criminal cases. The money collected pursuant to this fee is to be deposited into the same county fund set out in § 15(b)(1) for the defense of indigents.
Act 1193 allows these two $5.00 fees to be imposed "in addition to all other costs and fees provided by law." Act 1193 of 1993, § (b)(1) and § (d). As you have noted, many counties have imposed the $4.00 fee authorized by A.C.A. § 16-87-111 (Cum. Supp. 1991) for public defender investigators. This $4.00 fee is apparently one of the "other costs and fees provided by law" mentioned in § 15 of Act 1193.
Your question is as follows:
 Do our counties need to reenact all previous "fee" ordinances after the passage of Act 1193, or after its effective date, or not at all, for our present fees to remain in effect after 1 July 1993?
As noted above, § 15(b)(1) of Act 1193 mandatorily imposes a $5.00 fee to be taxed by the counties in certain civil and criminal cases. There is also authority in § 15(d) for an additional optional $5.00 fee that the counties may impose. The former authority for a $5.00 fee in A.C.A. § 14-20-102(b)(1) was optional, rather than mandatory, for the counties.
In my opinion, Act 1193 of 1993 replaces § 14-20-102 by impliedly repealing the former law. An implied repeal is one which takes place when a new law contains provisions which are contrary to, but do not expressly repeal, those of a former law. 82 C.J.S.Statutes § 286 (1953). Whether it has been so repealed is a question of legislative intent. While such a repeal is not favored, nevertheless it must be recognized and accorded effect where it is apparent that it was intended. Id. See alsoDavis v. Cox, 268 Ark. 78, 593 S.W.2d 180 (1980). A statute may repeal an earlier one by implication where it covers the whole subject matter of, and is intended to be a substitute for, the earlier one, or where its provisions are so repugnant to those of the earlier statute as to make the two statutes irreconcilable. 82 C.J.S. Statutes § 290 (1953).
This is the case, in my opinion, with the two statutes in question. While § 14-20-102 was strictly optional in allowing counties to impose a $5.00 fee, the new law has one provision that imposes a mandatory $5.00 fee and one provision that allows an additional optional $5.00 fee. In my opinion, the two concepts are incompatible and are indicative of the legislature's intent to replace the old statute with the new act.
In light of this, it is my opinion that each of the $5.00 fees in Act 1193 is a new fee authorized under the authority of a new act. The authority for the former $5.00 fee has been impliedly repealed, and Act 1193 authorizes new and different fees. Accordingly, it is my opinion that, while an ordinance does not appear to be required for the first $5.00 fee authorized in § 15(b)(1) of Act 1193 because the fee is mandatory (". . . there is hereby imposed a fee in the sum of five dollars ($5.00) to be taxed as costs. . . .), the counties certainly have the option, and indeed it may be prudent, to levy this fee by way of an ordinance adopted pursuant to § 15(b)(1) of Act 1193. With regard to the additional, optional $5.00 fee authorized in § 15(d) of Act 1193, it is my opinion that a specific ordinance is required for the counties to levy a fee pursuant to this section. The new act, however, does not appear to affect the $4.00 fee counties may have imposed pursuant to A.C.A. § 16-87-111 (Cum. Supp. 1991). Accordingly, the counties need not reenact any ordinances passed pursuant to this Code section in order to retain the effectiveness of such an ordinance after the passage of Act 1193. Questions about the specific wording of any particular ordinance should, in my opinion, be directed to the county attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh